NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-700


STATE OF LOUISIANA

VERSUS

RONALD JAMES ALEXANDER

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 99-190024,
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

CONVICTION AND SENTENCE AFFIRMED;
REMANDED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.

Kim Kidd
Assistant District Attorney
415 S. Main Street
St. Martinville, Louisiana 70582
(337) 394-2220
Counsel for:
    State of Louisiana

Mark O. Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, Louisiana 71457-2057
(318) 572-5693
Counsel for Defendant/Appellant:
    Ronald James Alexander

SULLIVAN, Judge.

Defendant, Ronald James Alexander, was originally indicted with second degree murder in violation of La.R.S. 14:30.1. Defendant entered a plea of not guilty on February 3, 1999. On March 15, 2001, the trial court committed Defendant to the Feliciana Forensic Facility after finding that Defendant was unable to assist counsel in preparing for and during a trial on the merits. After a second sanity commission hearing on July 30, 2003, the trial court once more found that Defendant was unable to assist counsel in his defense.

On September 5, 2003, the Community Forensic Services of the Louisiana Department of Health and Hospitals (CFS) intervened in this matter, arranging for an evaluation of Defendant's mental competency with their consulting psychiatrist, Dr. J. Scott Stanley. Following an evaluation conducted on October 9, 2003, Dr. Stanley concluded that Defendant had a rational and factual understanding of the proceedings against him and had a sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. After a third competency hearing on October 6, 2004, the trial court found Defendant competent to stand trial.

Defendant rejected the State's first offer for a plea agreement on December 6, 2004. On January 12, 2005, Defendant withdrew his plea of not guilty to the charge of second degree murder and entered a plea of guilty to the reduced charge of manslaughter, a violation of La.R.S. 14:31, with the agreement of a sentencing cap of thirty years.

On October 31, 2005, Defendant was sentenced to ten years at hard labor with credit for time served awaiting disposition of this matter. Defendant's Motion to Reconsider Sentence was heard on December 13, 2005 and was subsequently denied. A motion for appeal was filed on January 5, 2006.

Defense counsel filed a motion to withdraw as attorney of record, pursuant to the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), as interpreted by *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), and approved in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176.

**Facts**

The recitation of facts given at the guilty plea hearing reads as follows:

[O]n or about the 3rd day of December, 1998, Mr. Ronald Alexander was at the home of his mother, Ms. Rita Alexander. Mr. Alexander and his mother were having an argument at Ms. Alexander's home. At that time, Mr. Alexander's brother, Robert, intervened, after Mr. Alexander had retrieved a gun and was pointing that weapon at his mother. His brother intervened, pushed the weapon up. At that time the weapon did discharge into the ceiling; that weapon being in control of Mr. Alexander. After his brother took the weapon away from Mr. Alexander, he was exiting the home. And at that time, Mr. Alexander grabbed a knife, stabbed his brother in the neck, severing an artery, and his brother bled to death at the home of his mother.

**Errors Patent**

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. Our review of the record for patent errors reveals one issue that merits discussion.

As pointed out by defense counsel, at sentencing Defendant was incorrectly advised that he had two years from the finality of his *sentence* to seek post-conviction relief, when he should have been advised that he had two years from the finality of his *conviction and sentence*. Counsel is technically correct that La.Code Crim.P. art. 930.8 provides that post-conviction relief must be sought within two years of the finality of the *conviction and sentence*. Thus, out of an abundance of caution, we will instruct the trial court to inform Defendant of the correct prescriptive period by

2

sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record.

## Motion to Withdraw

In *Benjamin*, 573 So.2d at 531, the fourth circuit set forth the appropriate procedures for an appellate court to analyze a brief filed in accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. . . .

This court has performed an independent review of the record, including pleadings, minute entries, the charging instrument, and the transcript of the guilty plea proceeding. Defendant was properly charged by indictment, was present at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after being properly advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received a legal sentence. After reviewing the record, we find no issues that would arguably support an assignment of error on appeal.

## Decree

Defendant's conviction and sentence are affirmed. The trial court is instructed to inform Defendant of the correct prescriptive period for seeking post-conviction

relief by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record. Defense counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**

**MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.

KA06-700

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA
    Plaintiff-Appellee

VERSUS

RONALD JAMES ALEXANDER
    Defendant-Appellant

On Appeal from the Sixteenth Judicial District Court, Parish of St. Martin, Docket Number 99-190024, State of Louisiana, Honorable Charles L. Porter, Judge.

**O R D E R**

After consideration of defense counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2006.

                                        COURT OF APPEAL, THIRD CIRCUIT


                                        _____
                                        Judge Oswald A. Decuir


                                        _____
                                        Judge Jimmie C. Peters


                                        _____
                                        Judge Michael G. Sullivan